Good morning. May it please the Court. My name is Matthew Eisenstein and I represent VISA. I will launch the clock here and I would like to save three minutes for rebuttal. Our position in this case is that the District Court took this Court's decision in Hong Kong too far. It's the general rule in this circuit that the propriety of removal is determined solely on the basis of pleadings that are filed in the State Court. BANGO allows the District Court to consider an amended complaint. When the State Court complaint did not supply the CAFA-related allegations needed to determine jurisdiction under CAFA, in BANGO, the Court needed to have allegations about whether one of the defendants was a significant defendant. That information was not in the State Court complaint at all. And for that reason, this Court allowed the District Court to consider an amended complaint that supplied that information. This case is very different. The State Court complaint here contained the allegations that the District Court needed in order to determine minimal diversity. And in fact, the District Court found that. It said this Court finds that minimal diversity exists under the class definition as it is currently pledged. There was no need for an amended complaint in the complaint. Plaintiffs say that they fall within the BANGO rule because the state law didn't require them to plead the key jurisdictional facts in their state law complaint. That's not right. The State Court rules required the plaintiffs to identify proposed class members. That's Rule 3.761 of the California Rules of Court. And they said they pleaded in their initial State Court complaint that their class was ascertainable. Which means what they're saying is that somebody who's looking at that class definition will know by the definition if they are included or not in that putative class. The Council doesn't BANGO allow clarification of the jurisdictional allegations? Not of the sort provided here in your order. Because in BANGO, the allegations and issue were completely missing from the state law complaint. Here, the allegations form the basis for jurisdictional discovery. Who is and who is not in the class or actually supplied in the state law complaint, in the state professional interview here. Your standard of review here is to know them. So the state court complaint here was clear as to what entities were included in the class. It referred to the complaint, referred time and again to all California merchants who accept Visa branded cards in California. So it covered all, it means what it says, it covered all merchants. I understand that the original complaint covered everybody. It covered all California merchants. It covered Nordstrom. It covered Best Buy as long as it was a merchant in California. And a lot of them were actually citizens of other states. That's correct, Your Honor. And so there was, so it was removed. Yes, Your Honor. And the plaintiff wanted to say, oh, I'm changing the class so that it's only citizens of California who are in the class. That's essentially what happened. That's essentially, that's exactly right. That's essentially what happened. The court actually, the lower court first concluded that the removal was proper. She denied the motion to rename it. Because she found that when the whole diversity was fit based on the allegations in the complaint, the plaintiff's trying to argue that the home state exception under CAFA applied, and the court said that it didn't. And it actually, there was no need for a remanded complaint at that point. So, but weren't there indications in the complaint that it was being attempted to, attempted to be a merchant of California residents that consisted solely, that the class consisted solely of California merchants? I mean, Your Honor, essentially, they were deep California comers, right? Your Honor, when we look at the complaint, starting in paragraph one, it refers to every merchant transaction in the state of California. Right. And Your Honor. Right. The KDP plan is to look at the complaint as a whole. Oh, absolutely. And that is, that is clearly what we are suggesting this court needs to do, is look at the complaint as a whole. And I'll concede that there are claims that are made solely under California law. But that doesn't mean that the objective, the objective class definition that they're providing doesn't tell you who is in, who isn't in the class. And the way they defined it was to include all California merchants. And there's plenty of support elsewhere in the complaint to suggest that really what they're talking about is anybody, any individual, any entity that accepts a Visa agreement card in California. Okay. So how do you distinguish Banco? Well, in Banco, the state court complaint did not supply the information that was needed for the court to determine whether one of the defendants was an in-state defendant. There was no information at all. In that state court complaint, on that court issue, here it's completely different because the state court complaint demonstrates the entities that were in the class. So that information is already provided here by the state court complaint. The information wasn't provided in the state court complaint in Banco. So there are additional policy reasons that we believe are important to consider to not allow the decision of the district court to stand. It's located at the district court. After the district court compiled here, was it in interpreting Banco? Yes, Your Honor. It didn't extend into Banco? I do, Your Honor. Yes. And the policy reasons, Your Honor, is that there are a few of them. First of all, the rule here is that jurisdiction depends on the state court complaint as it exists at the time of removal. And if allowed to stand, the district court's decision would upend that rule. There are numerous cases that the Ninth Circuit has decided. There's the Doyle case, the Williams v. Costco case, the Sparta Surgical case. That all stand for the same proposition. It's well understood that the state court complaint is what guides the district court in terms of designing its jurisdiction. Another rule is that once a putative class action is properly removed, it stays removed. And here, the district court denied the motion to prevent. And at that point, that's it. It had jurisdiction. That's United Steel v. Shell Oil, 602F3rd, 1087, a putative class action once properly removed, stays removed. That's the rule. I'm sorry, counsel. You mentioned Doyle a moment ago. What's your understanding of the holding in Doyle v. One West? The holding in Doyle v. One West, Your Honor, is that for purposes of determining citizens of the proposed class, a court should determine citizenship based on a complaint as of the date the case becomes removable. And in fact, what the court did there is it also cited the statutory provision, 1332D7, which basically says the same thing. And finally, I know we did this in our brief, but just to reiterate, the legislative history of CAFA also supports our view here, because it's allowed to say in what place we do is just amend a complaint and sort of go around the structure of CAFA, which is that a defendant needs to be able to show minimal diversity, and then the burden shifts to the plaintiffs to show the home controversy exception. And frankly, that's the proper procedure here. And the Second Judiciary Committee said requiring plaintiffs to establish,  with more than two-thirds prospective class members who are citizens of the form state, ensure that they will not be able to evade federal jurisdiction with vague class definitions or other efforts to obscure citizenship of the class members. So the home state exception and the whole construct under CAFA provides, you know, is important to follow. And by allowing them to amend their complaint here, you just move it out and avoid that whole construct. I have just one question about the law and other circuits. Are there other circuits that have recognized or have been exceptionally light-handed in government? What do you know? Well, Your Honor, not that I've come up in my research. I found cases going the other way. In the Ingray-Berlinton case, 606 F. 3rd, 379, is a seven-circuit case. There's an unpublished ten-circuit decision in Reese. So, no, Your Honor. Correct you. I will reserve the remaining time for rebuttal. Thank you. Thank you. Good morning, Your Honors. Nancy Feynman of Cochette, P.J. McCartney for Plaintiff and Appealee. I may first extend my condolences to the Court on the loss of Judge John Newton. He was my law professor for professional responsibilities, and when I saw the paper yesterday, I flashbacked to very fond memories of my condolences to such a loss. As to the merits, this is a beautiful courtroom, a wonderful, welcoming, and helpful staff, but we want to go back to San Mateo Superior Court, where we filed the case, where we thought we had correctly pled enough jurisdiction and allegations to keep us there, and we were surprised by the removal. The issue really before this court is to stay in state court, just state court plaintiff, and it's interesting that the eight or so cases that have considered this issue are all California. This records, I guess, in Nevada and Arizona, the practitioners know what to plead. It's rather that word, citizen, really needs to be used, because unlike some of the other cases, the district court does consider the man dragging case, for instance, where there is no evidence of what the plaintiff intended in this case, in the remand motion, there was a declaration by an attorney from my office, Ann Marie Murphy, and she said, this is a state court citizen class. That is what we want, and I think that that deserves a lot of deference by this court, because it is true. In the De Novo review, Judge Hamilton found that there was enough to us to show not, and that declaration shows what our intent was, and it can be shown by the statements that are made. It's not an artfully put complaint. I would be foolish to argue otherwise with this. Judge Hamilton, you pointed out that solely in its underline in our definition, there's enough there that the district court found that this was susceptible to the interpretation that we were doing, that there is only California citizen plaintiffs, and if you look a little bit beyond that, there are only California citizen defendants. There's only PISA, and the NBL case has MasterCard, not a California one. We limited our complaint only to California statutory claims to preclude any argument in a federal jurisdiction. The Banco case, we read it this morning after chatting with counsel, and it's interesting. It deals actually with a different part of CAFA, the significant defendant, and I disagreed slightly with my friend across the aisle, in that there was some evidence of what the significant defendant was, but this court remanded to give an opportunity to give more evidence, but in that case, if you look at Banco, it was first to a class definition of residents, and it wasn't the issue before the court, but this court said that there was a class of California plaintiff citizens that says that twice in the opinion, and since Banco, there have been at least six district courts who have taken words like resident or a truck driver or a person or employee to give chances to a plaintiff to amend their complaint, to clarify, not to change, but to clarify what was meant, and at a minimum, based on how this court has not ruled on this issue, and we have authorities on the district courts, which was relied upon by us on the definition of what is required, we would suggest that if this court is going to clarify what they believe needs to be proved to have the case take out of this August limited court jurisdiction, that our case, that the same thing that happened in the Manny Dragan case, is allow our amendment to stand and say, from this day forward, if you do not use that word citizen, you risk being drawn into federal court. So, unless there are any questions, I think it's a very limited issue where the district courts who have addressed that have looked at all the factors that Judge Hamilton did in our case, we believe that it is the proper decision. There's no dispute that if it's a class of California citizen plaintiffs, which we now have a declaration that we were, and will always be, limited to that this case is properly remanded to the San Mateo Superior Court. Also, do you think the clarification that was made was within the clarifies of the Benko decision? Absolutely. Your Honor, it's been in the Benko decision. It talks about the fact that in state court, and it's not the case of California, that you don't have to do the jurisdiction. Counsel's right that you do have to do an executable class, but I don't think that that translates to that that is a jurisdictional argument. In deciding whether or not to approve a title to rely on, one is politically facing a complaint. Because what concerns me is if you complete a very broad base of defendants, and you're not removed, you can go ahead and proceed in state court, and then if you're removed, you say, oh, I really meant only to do this. That's a little bit, that's not what the removal procedure is supposed to allow. I think that that gives, I can see if there is no attorney declaration in this case, but I think the attorney declaration that is in this case, in many cases where this argument is being addressed, the plaintiff just says, oh, we meet this, the definition is a little bit different, or the defendant hasn't met this burden in this case, has an attorney declaration. Attorneys are officers of the court. They have risk or full 11 sanctions. There's no determination or challenge below that this attorney was not telling the truth. And based on my knowledge of the case, we wanted to stay in state court. I mean, if you look at the facts of this case, there's an MDL pending. Had they just wanted to be part of the MDL, that would have been very simple. So, I can't say for every case what that is, but I think you have to rely on the integrity of the attorneys when they tell the court that this is what we meant, and it was inartful. I mean, Justice Scalia in the Dart Charity case, in his dissent, saying that the court should have accepted, see, lawyers and judges make mistakes sometimes, and the issue is when something is not in the art, when it's inarticulately played, but is susceptible of that reason, are you going to allow that chance to clarify, and will some slip through the cracks? Probably so, but as a general rule, when you have something here, and I think that your own guards have the ability to say to future status lawyers, we're not going to read this as widely as we have, as the district courts have, but to penalize Broadway Grill, who did it with the susceptibility of that, and the other district courts who have allowed, there's one that says all persons who purchased, and the district court allowed that to be amended and remanded, that that is the proper way to look at that and to ensure that they cover it. Thank you. Thank you. Just a few points here, Your Honors. With respect to the argument about subjective intent in the attorney declarations that came in, it's our position that subjective intent should not matter. What really should matter is what's in the forewarners of the complaint that was filed in state court. Again, the rulings of this court have been consistent on that issue that the propriety of removal is decided on the basis of the forewarners of the complaint, because otherwise you could always have a plaintiff's opinion afterwards and say, oh, I meant this, or I meant that, or really I should have done it some other way, but I didn't. The plaintiff is the master of their complaint. When they write something, they need it, and the defendant should be allowed to rely on it. I will confess, with respect to Mango, that there is a portion of it that refers to resident and then another portion of it that refers to citizen. Certainly this issue here was not before Mango. This court has never addressed this precise issue here, and the district court cases that have allowed for courts to have allowed amendments to substitute in citizen for resident have not relied on that portion of Mango. So it just wasn't that issue. And, you know, two other points. One, not all other district courts below have gone the way that plaintiffs are suggesting that they've gone. There's the Lopez V. Herotek case, the Sanchez v. Ritz case, and, you know, these cases recognize that Mango did have limits. And finally, looking at their complaints as a whole in the four corners, they plead here a putative class that is seeking billions of dollars. That reflects an intent to seek as broad a class as possible. Thank you. Already an MDL going on, so, like, they could have enjoyed it. Yes, Your Honor. And, frankly, that is the practical import of what's going on here. If this case stays in federal court, the defendant will have an opportunity to send this case to its payment card. It's the same case I was referring to in the argument that preceded this one. Thank you, Your Honors. Thank you. Thank you both, counsel, for your helpful arguments in this case. This case is argued in favor of the defendant, and your decision must be lauded. Is there a count of one to eight? Four to 15. We are adjourned.
judges: Schroeder, Rawlinson, Logan